## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| GINIA LONG | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO.** _____ |
| | § | |
| | § | |
| SCOTTSDALE INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendant. | § | |

### NOTICE OF REMOVAL

Defendant Scottsdale Insurance Company ("Defendant") files this Notice of Removal of the above-styled action pursuant to 28 U.S.C. §§ 1446(a) and would respectfully represent and show unto this Court the following:

### A.  Introduction

1.    Pursuant to Local Rules 3.1 and 81.1, Defendant files its Civil Cover Sheet (Exhibit "A").

2.    On or about February 23, 2016, Plaintiff Ginia Long ("Plaintiff") initiated the state court lawsuit against Defendant in the 249th Judicial District Court of Johnson County, Texas, styled *Ginia Long v. Scottsdale Insurance Company*, pending as Cause No. DC-C201600080 ("the state court action"). In the state court action, Plaintiff seeks actual damages for negligence, breach of contract, damages for violation of the Texas Deceptive Trade Practices Act, damages for violations of the Texas Insurance Code, damages for breach of the duty of good faith and fair dealing, damages for breach of fiduciary duty, damages for unfair insurance practices, damages for intentional and negligent misrepresentation, and damages for common law fraud. Further,

Plaintiff seeks attorneys' fees, treble damages, exemplary damages and 18% interest. *See*

*Plaintiff's Original Petition*, attached hereto as Exhibit "B".

3.      The attorneys involved in the action being removed are listed as follows:

| **Party and Party Type** | **Attorney(s)** |
| --- | --- |
| Ginia Long - Plaintiff | C. Bryan Beverly<br>Texas Bar. No. 24082688<br>Bill L. Voss<br>Texas Bar No. 24047043<br>Scott G. Hunziker<br>Texas Bar No. 24032446<br>The Voss Law Center<br>26619 Interstate 45 South<br>The Woodlands, Texas 77380<br>713.861.0015 – phone<br>713.861.0021 – fax<br>james@vosslawfirm.com<br>bill.voss@vosslawfirm.com<br>scott@vosslawfirm.com |
| Scottsdale Insurance<br>Company - Defendant | Randall G. Walters<br>Texas Bar No. 20819480<br>Walters, Balido & Crain, L.L.P.<br>Meadow Park Tower<br>10440 N. Central Expy, Suite 1500<br>Dallas, TX 75231<br>Telephone (214) 749-4805<br>Facsimile: (214) 760-1670<br>Randy.walters@wbclawfirm.com |

4.      The name and address of the court from which the case is being removed is as

follows:

> The Honorable Wayne Bridewell
> 249th District Court
> Guinn Justice Center
> 204 S. Buffalo Ave.
> Cleburne, Texas 76033
> 817.556.6825

### B. Notice of Removal Timely

5.      Defendant was served with process and a copy of Plaintiff's suit on March 7, 2016. *See* Exhibit "B". Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. Consequently, this Notice of Removal is timely.

C.  Complete Diversity

6.      Pursuant to the state court action, Ginia Long is a citizen of the State of Texas, located in Johnson County, Texas.

7.      Defendant, Scottsdale Insurance Company, was and is a company organized under the laws of the state of Ohio with its principal place of business in the State of Arizona. Scottsdale is a Citizen of the State of Ohio and Arizona, and was a citizen of these states at the time this action was filed.

8.      In light of the foregoing, the parties are of completely diverse citizenship. *See* 28 U.S.C. §§ 1332(a), 1441(b).

9.      Plaintiff's Original Petition alleges actual damages, seeks three times the amount of actual damages, and seeks attorneys' fees, interest and exemplary damages. Exhibit "B" at 16-17. Specifically, Plaintiff seeks an amount over $200,000.00 but not more than $1,000,000.00. *Id.*

10.     In determining the amount in controversy, the court may consider "policy limits ... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at *2-*3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the

Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et al.*, 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought, and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

11.     Plaintiff's claims are centered on Scottsdale's alleged failure to pay the proceeds of Plaintiff's policy for damages to Plaintiff's property. Plaintiff's total policy limits of insurance on its property greatly exceeds $75,000. Further, Plaintiff, as stated in Plaintiff's Original Petition, seeks damages for violations of the Texas Insurance Code, Texas Deceptive Trade Practices Act, and breach of duty of good faith and fair dealing, as well as pre-judgment interest, post-judgment interest, court costs, attorneys' fees and penalties, including statutory treble damages and exemplary damages.

12.     A court can determine that removal is proper from a plaintiff's pleadings if plaintiff's claims are those that are likely to exceed the jurisdictional amount. *See Allen v. R&H Oil & Gas., Co*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993). Only "expenses and costs" are excluded from the calculation of the matter in controversy. 28 U.S.C. § 1332(a). Attorney's fees are an element of the amount in controversy where their recovery is authorized by a statute under which the plaintiff sues. *H&D Tire & Auto. Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000), cert. denied, 534 U.S. 894 (2001).

13.     Plaintiff even specifically stated in her Original Petition that he seeks monetary relief of

over $100,000. Exhibit "B"; ¶70. Therefore, the amount in controversy in this case exceeds the

jurisdictional requirements. *Id.*

## D.  All Pleadings of State Court Action Attached As Exhibits

14.     Copies of all pleadings, process, orders, and other filings in the state court action are

attached to this notice as required by 28 U.S.C. § 1446(a). *See* Exhibit "C".

## E.  Basis for Removal

15.     Because this is a civil action of which the District Courts of the United States have

original jurisdiction, this case may be removed by this Court pursuant to 28 U.S.C. § 1446(b).

Further, because Plaintiff is a citizen and resident of Texas, Defendant is a citizen of Ohio and

Arizona; and the amount in controversy exceeds $75,000, the Court has subject matter

jurisdiction based on diversity of citizenship and residency. 28 U.S.C. § 1132. As such, this

removal action is proper.

## F.  Venue

16.     Venue is proper in this district under 28 U.S.C. §1441(a) because this district and

division embrace the place where the removed action has been pending.

## G.  Filing of Notice with State Court

17.     Promptly after filing this Notice of Removal, Defendant will give written notice of the

removal to Plaintiff through his attorney of record and to the clerk of the state court.

## H. Defendant's Demand for Jury Trial

18.     Plaintiff demanded jury trial in her Original Petition. Defendant also asserts its

rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with

Federal Rule of Civil Procedure 38, a trial by jury on all issues.

PRAYER

19.    WHEREFORE, PREMISES CONSIDERED, Defendant Scottsdale Insurance Company requests that this Court proceed with the handling of this cause as if it had been originally filed herein, that this Court make such orders, if any, and take such action, if any, as may be necessary in connection with the removal of the state court action to this Court, and that they have such other and further relief to which they may show themselves entitled.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY:    */s/ Randall G. Walters*
       RANDALL G. WALTERS - 20819480
       Meadow Park Tower
       10440 N. Central Expy, Suite 1500
       Dallas, Texas 75231
       214/347-8381  - FAX
       214/347-8380 - DIRECT
       214/749-4805 - MAIN
       Email: randy.walters@wbclawfirm.com
       **ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on the 22nd day of March, 2016, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Randall G. Walters*
RANDALL G. WALTERS

# EXHIBIT A

JS 44-TXND   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ginia Long

**DEFENDANTS**
Scottsdale Insurance Company

**(b)** County of Residence of First Listed Plaintiff   Johnson
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Maricopa County, Arizona
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380  Phone: 713.861.0015

Attorneys *(If Known)*
Walters, Balido & Crain, L.L.P.
10440 N. Central Expy, Suite 1500
Dallas, TX 75231       Phone: 214.749.4805

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 2  U.S. Government
     Defendant

☒ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

|                                  | PTF | DEF |                                                      | PTF | DEF |
|----------------------------------|-----|-----|------------------------------------------------------|-----|-----|
| Citizen of This State            | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State         | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                              | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
     Proceeding

☒ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     Another District
     *(specify)*

☐ 6  Multidistrict
     Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332(a), 1441(b)
Brief description of cause:
Bad faith insurance case arising out of residential property damage claim

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes  ☐ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE
03/22/2016

SIGNATURE OF ATTORNEY OF RECORD
/s/Randall G. Walters

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

# EXHIBIT B



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 14878640**
**Date Processed: 03/07/2016**

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Copy of transmittal only provided to:** | Cassandra Struble<br>Rebecca Lewis<br>Kevin Jones |

| | |
|---|---|
| **Entity:** | Scottsdale Insurance Company<br>Entity ID Number  3286058 |
| **Entity Served:** | Scottsdale Insurance Company |
| **Title of Action:** | Ginia Long vs. Scottsdale Insurance Compan |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Johnson County District Court, Texas |
| **Case/Reference No:** | DC-C201600080 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/07/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | C. Bryan Beverly<br>713-861-0015 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

# 𝔖𝔱𝔞𝔱𝔢 𝔬𝔣 𝔗𝔢𝔵𝔞𝔰

249TH DISTRICT COURT                                    JOHNSON COUNTY, TEXAS

DISTRICT CLERK                                          ATTORNEY FOR PLAINTIFF(S)

DAVID R. LLOYD                                          C BRYAN BEVERLY
GUINN JUSTICE CENTER                                    THE VOSS LAW CENTER
P.O. BOX 495                                            26619 INTERSTATE 45 SOUTH
CLEBURNE, TEXAS 76033                                   THE WOODLANDS, TX 77380



================================================================
## C I T A T I O N   –   C I V I L
================================================================
### (PLAINTIFF'S ORIGINAL PETITION)
CAUSE NO. DC-C201600080

NOTICE TO DEFENDANT:

YOU HAVE BEEN SUED.   YOU MAY EMPLOY AN ATTORNEY.   IF YOU OR YOUR ATTORNEY DO NOT FILE A
WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT
FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER THE SERVICE DATE OF THIS CITATION AND
petition, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

TO:  SCOTTSDALE INSURANCE COMPANY
     C/O REG. AGENT, CORPORATION
     SERVICE COMPANY
     211 EAST 7TH STREET, SUITE 620
     AUSTIN, TX 78701

DEFENDANT – GREETINGS:

You are hereby commanded to appear by filing a written answer to the plaintiff's
                         O R I G I N A L
petition by 10:00 a.m. of the Monday next following the expiration of twenty (20) days
after the service date of this citation and petition before the Honorable **249TH DISTRICT
COURT** of Johnson County, Cleburne, Texas.

Said                     O R I G I N A L                                petition
was filed in said court on the **23RD DAY OF FEBRUARY, 2016**, in this cause numbered **DC-
C201600080**, on the docket of said court, and styled:

### GINIA LONG VS. SCOTTSDALE INSURANCE COMPANY

The nature of this demand is fully shown by a true and correct copy of the petition
accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to the
requirements of law, and mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at office in Cleburne, Texas, this
**26TH DAY OF FEBRUARY, 2016**.

                         DAVID R. LLOYD – DISTRICT CLERK
                         249TH DISTRICT COURT
                         JOHNSON COUNTY, TEXAS

                    BY  *Sally x Van Syke*                    DEPUTY

**OFFICER'S / AUTHORIZED PERSON'S RETURN**

CAUSE NO. **DC-C201600080**

Came to hand the __1st__ day of __March__, __2016__, at __4:00__ o'clock __P__.m., and executed in _____ County, Texas, on the _____ day of _____, _____, at _____ o'clock ____.m., by delivering to the within-named _____, in person, a true copy of this citation, with an accompanying copy of the petition, having first attached such copy of petition to such copy of citation and endorsed on such copy of citation the date of delivery.

FEES:
Serving Writ: $_____

_____
Sher./Const./Auth. Person

_____ County, Texas

By _____ Deputy

SUBSCRIBED AND SWORN TO by _____, before me, the undersigned authority, this _____ day of _____, _____.

_____          _____
Notary Public (State of Texas)            Notary Public (Printed Name)

Commission Expiration: _____

Filed: 2/23/2016 4:27:09 PM
David R. Lloyd, District Clerk
Johnson County, Texas
By: Renee Alexander, Deputy

DC-C201600080

CAUSE NO. _____

| | | |
|---|---|---|
| **GINIA LONG,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | Johnson County - 249th District Court |
| | § | |
| **vs.** | § | **JOHNSON COUNTY, TEXAS** |
| | § | |
| **SCOTTSDALE INSURANCE** | § | |
| **COMPANY,** | § | |
| **Defendant.** | § | **____ JUDICIAL DISTRICT** |

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Ginia Long (hereinafter "Plaintiff"), and complains of Scottsdale Insurance Company (hereinafter "Scottsdale"). In support of her claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.      Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Alvarado, in Johnson County, Texas.

## PARTIES

3.      Plaintiff is an individual whose residence is located in Alvarado, Johnson County, Texas.

4.      Defendant Scottsdale is a foreign corporation, duly registered with the Texas Department of Insurance to do business in Texas, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## BACKGROUND

5.      This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 102 South Friou Street, Alvarado, Texas 76009, (the "Property").   In addition to seeking economic and penalty based damages from Scottsdale, Plaintiff also seeks compensation from Scottsdale for damages caused by improperly investigating the extensive losses associated with this case.

6.      Plaintiff owns the Property.

7.      Prior to the occurrence in question, Plaintiff purchased a commercial insurance policy from Scottsdale to cover the Property at issue in this case for a loss due to storm-related events.   Plaintiff's Property suffered storm-related damage. Through her commercial policy, CPS2188427, Plaintiff was objectively insured for the subject loss by Defendant.

8.      On or around April 26, 2015, the Property suffered incredible damage due to storm related conditions.

9.   In the aftermath, Plaintiff relied on Scottsdale to help begin the rebuilding process. By and through her commercial policy, Plaintiff was objectively insured for the subject losses in this matter.

10.   Pursuant to her obligation as a policyholder, Plaintiff made complete payment of all commercial insurance premiums in a timely fashion. Moreover, her commercial policy covered Plaintiff during the time period in question.

11.   Despite Plaintiff's efforts, Scottsdale continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.   Moreover, Scottsdale has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.   In the months following, Plaintiff provided information to Scottsdale, as well as provided opportunities for Scottsdale to inspect the Property. However, Scottsdale failed to conduct a fair investigation into the damage to the Property. Moreover, Scottsdale failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.   Despite Scottsdale's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Scottsdale. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, Scottsdale failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this

date, Plaintiff has not received proper payment for her claim, even though notification was provided.

15.    Scottsdale has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. Scottsdale has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Scottsdale did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.    Scottsdale has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Scottsdale in a timely manner.

17.    Scottsdale has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Scottsdale that failed to conduct a reasonable investigation.   Ultimately, Scottsdale performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.    Scottsdale has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.    As a result of the above issues, Plaintiff did not receive the coverage for which she had originally contracted with Scottsdale. Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.   In addition, Scottsdale has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.   As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.   All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22.   All acts by Scottsdale were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Scottsdale and/or were completed in its normal and routine course and scope of employment with Scottsdale.

## CLAIMS AGAINST DEFENDANT

23.   Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### NEGLIGENCE

24.   Scottsdale had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property.   Scottsdale breached this duty in a number of ways, including but not limited to the following:

    a.   Scottsdale was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's Property loss;

    b.   Scottsdale had a duty to competently and completely handle and pay all damages associated with Plaintiff's Property; and/or

     c.     Scottsdale failed to properly complete all adjusting activities associated with Plaintiff.

25.     Scottsdale's acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

**B.**
## BREACH OF CONTRACT

26.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27.     According to the policy that Plaintiff purchased, Scottsdale had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

28.     As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

29.     Despite objective evidence of such damages, Scottsdale has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

**C.**
## VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT AND TIE-IN-STATUTES

30.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31.     Scottsdale's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business

& Commerce Code. Scottsdale collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

    a.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    b.    Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

    c.    Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

    d.    Using or employing an act or practice in violation of the Texas Insurance Code;

    e.    Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

    f.    Failure to properly investigate Plaintiff's claim; and/or

    g.    Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Scottsdale in low-balling and/or denying Plaintiff's damage claim.

    32.    As described in this Original Petition, Scottsdale represented to Plaintiff that her insurance policy and Scottsdale's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

    33.    As described in this Original Petition, Scottsdale represented to Plaintiff that its insurance policy and Scottsdale's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34.    By representing that Scottsdale would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Scottsdale has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.    Scottsdale has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies.   This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.    Scottsdale's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Scottsdale's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

37.    Scottsdale's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.    Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Scottsdale to her detriment.  As a direct and proximate result of Scottsdale's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Scottsdale are a producing cause of Plaintiff's damages that are described in this Original Petition.

39.    Because Scottsdale's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times

such actual damages, for Scottsdale having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Scottsdale having intentionally committed such conduct.

40.    As a result of Scottsdale's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf. Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show herself to be justly entitled at law and in equity.

### D.
### VIOLATIONS OF TEXAS INSURANCE CODE

41.    Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42.    Scottsdale's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058). Specifically, Scottsdale engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

a.    Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

b.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the

insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c.    Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.    Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

e.    Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

f.    Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.    Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Scottsdale, and Plaintiff relied upon these unfair or deceptive acts or practices by Scottsdale to her detriment.  Accordingly, Scottsdale became the insurer of Plaintiff.

44.    As a direct and proximate result of Scottsdale's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which she now sues.

45.    Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Scottsdale's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Scottsdale having knowingly committed such conduct.  Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Scottsdale having intentionally committed such conduct.

46. As a result of Scottsdale's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf. Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show herself justly entitled by law and in equity.

### E.
### BREACH OF THE COMMON-LAW DUTY
### OF GOOD FAITH AND FAIR DEALING

47. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48. By its acts, omissions, failures and conduct, Scottsdale has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49. Scottsdale has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Scottsdale knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by Scottsdale is a proximate cause of Plaintiff's damages.

## F.
## BREACH OF FIDUCIARY DUTY

50.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51.     Scottsdale had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff.  As a result, Scottsdale owed a duty of good faith and fair dealing to Plaintiff.  Scottsdale breached that fiduciary in that:

      a.     The transaction was not fair and equitable to Plaintiff;

      b.     Scottsdale did not make reasonable use of the confidence that Plaintiff placed upon it;

      c.     Scottsdale did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

      d.     Scottsdale did not place the interests of Plaintiff before its own, and Scottsdale used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

      e.     Scottsdale placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

      f.     Scottsdale did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

52.     Scottsdale is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Scottsdale's conduct.

## G.
## UNFAIR INSURANCE PRACTICES

53.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54.     Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Scottsdale has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.     Such violations include, without limitation, all the conduct described in this Original Petition, plus Scottsdale's failure to properly investigate Plaintiff's claim.  Plaintiff also includes Scottsdale's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and Scottsdale's failure to pay for the proper repair of Plaintiff's Property, as to which Scottsdale's liability had become reasonably clear.

56.     Additional violations include Scottsdale's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims.   Plaintiff further includes Scottsdale's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Scottsdale's misrepresentations of coverage under the subject insurance policy. Specifically, Scottsdale is also guilty of the following unfair insurance practices:

   a.   Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

   b.   Engaging in unfair claims settlement practices;

   c.   Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

   d.   Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which Scottsdale's liability had become reasonably clear;

   e.   Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

     f.      Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

     g.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57.    Scottsdale has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Scottsdale's conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

## H.
## MISREPRESENTATION

58.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

59.    Scottsdale is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Scottsdale did not inform Plaintiff of certain exclusions in the policy. Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to her detriment. As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Scottsdale is liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

60.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

61.    Plaintiff would show that Scottsdale perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who

relied upon such representations that ultimately resulted in her injuries and damages. Alternatively, Scottsdale fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

62.    Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff,  Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

63.    By reason of Plaintiff's reliance on Scottsdale fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which he now sues.

64.    Plaintiff further alleges that because Scottsdale knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Scottsdale, and constitute conduct for which the law allows the imposition of exemplary damages.

65.    In this regard, Plaintiff will show that she has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66.    Accordingly, Plaintiff requests that penalty damages be awarded against Scottsdale in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

67.    Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

68.     Scottsdale has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

69.     Scottsdale's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

70.     More specifically, Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.

## ADDITIONAL DAMAGES & PENALTIES

71.     Scottsdale's conduct was committed knowingly and intentionally.  Accordingly, Scottsdale is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code.  Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

72.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

73.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

74.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Scottsdale

disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l),

and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Requests for Production.

   a.     Please produce Scottsdale complete claim files from the home, regional, local
offices, and third party adjusters/adjusting firms regarding the claims that are the
subject of this matter, including copies of the file jackets, "field" files and notes, and
drafts of documents contained in the file for the premises relating to or arising out of
Plaintiff's underlying claim.

   b.     Please produce the underwriting files referring or relating in any way to the
policy at issue in this action, including the file folders in which the underwriting
documents are kept and drafts of all documents in the file.

   c.     Please produce certified copy of the insurance policy pertaining to the claims
involved in this suit.

   d.     Please produce the electronic diary, including the electronic and paper notes
made by Scottsdale claims personnel, contractors, and third party adjusters/adjusting
firms relating to the Plaintiff's claims.

   e.     Please produce all emails and other forms of communication by and between all
parties in this matter relating to the underlying event, claims or the Property, which is
the subject of this suit.

   f.     Please produce the adjusting reports, estimates and appraisals prepared
concerning Plaintiff's underlying claim.

   g.     Please produce the field notes, measurements and file maintained by the
adjuster(s) and engineers who physically inspected the subject Property.

   h.     Please produce the emails, instant messages and internal correspondence
pertaining to Plaintiff's underlying claim(s).

i.    Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Scottsdale intends to offer these items into evidence at trial.

## INTERROGATORIES

76.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories.

a.    Please identify any person Scottsdale expects to call to testify at the time of trial.

b.    Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

c.    If Scottsdale or Scottsdale's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Scottsdale or any of Scottsdale's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

d.    Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Scottsdale's investigation.

e.    Please state the following concerning notice of claims and timing of payment:

   i.    The date and manner in which Scottsdale received notice of the claim;
   ii.    The date and manner in which Scottsdale acknowledged receipt of the claim;
   iii.    The date and manner in which Scottsdale commenced investigation of the claim;
   iv.    The date and manner in which Scottsdale requested from the claimant all items, statements, and forms that Scottsdale reasonably believed, at the time, would be required from the claimant; and
   v.    The date and manner in which Scottsdale notified the claimant in writing of the acceptance or rejection of the claim.

f.    Please identify by date, amount and reason, the insurance proceed payments made by Scottsdale, or on Scottsdale's behalf, to the Plaintiff.

g.    Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

h.    When was the date Scottsdale anticipated litigation?

i.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Scottsdale's document retention policy.

j.    Does Scottsdale contend that the insured premises was damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

k.    Does Scottsdale contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

l.    Does Scottsdale contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way?  If so, state the general factual basis for this contention.

m.    How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated?  State the following:

  i.    what performance measures are used; and
  ii.    describe Scottsdale's bonus or incentive plan for adjusters.

## CONCLUSION

77.    Plaintiff prays that judgment be entered against Scottsdale Insurance Company, and that Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney

fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled

or un-pled within this Original Petition.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such

relief to which she is due as a result of the acts of Scottsdale Insurance Company, and for all such

other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**


*/s/ C. Bryan Beverly*
Scott G. Hunziker
Texas Bar No. 24032446
C. Bryan Beverly
Texas Bar No. 24082688
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
scott@vosslawfirm.com
bryan@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFF**

**COPY**

Filed: 2/23/2016 4:27:09 PM
David R. Lloyd, District Clerk
Johnson County, Texas
By: Renee Alexander, Deputy

DC-C201600080

CAUSE NO. _____

| | | |
|---|---|---|
| **GINIA LONG,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | Johnson County - 249th District Court |
| | § | |
| **vs.** | § | **JOHNSON COUNTY, TEXAS** |
| | § | |
| **SCOTTSDALE INSURANCE** | § | |
| **COMPANY,** | § | |
| **Defendant.** | § | **____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Ginia Long (hereinafter "Plaintiff"), and complains of Scottsdale Insurance Company (hereinafter "Scottsdale"). In support of her claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.      Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Alvarado, in Johnson County, Texas.

CERTIFIED COPY _2o_ PG(S)
DISTRICT COURT

FEB 2 4 2016

DAVID R. LLOYD
DISTRICT CLERK - JOHNSON COUNTY, TEXAS
BY   RENEE ALEXANDER   DEPUTY



COPY

## PARTIES

3.    Plaintiff is an individual whose residence is located in Alvarado, Johnson County, Texas.

4.    Defendant Scottsdale is a foreign corporation, duly registered with the Texas Department of Insurance to do business in Texas, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## BACKGROUND

5.    This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 102 South Friou Street, Alvarado, Texas 76009, (the "Property").   In addition to seeking economic and penalty based damages from Scottsdale, Plaintiff also seeks compensation from Scottsdale for damages caused by improperly investigating the extensive losses associated with this case.

6.    Plaintiff owns the Property.

7.    Prior to the occurrence in question, Plaintiff purchased a commercial insurance policy from Scottsdale to cover the Property at issue in this case for a loss due to storm-related events.   Plaintiff's Property suffered storm-related damage. Through her commercial policy, CPS2188427, Plaintiff was objectively insured for the subject loss by Defendant.

8.    On or around April 26, 2015, the Property suffered incredible damage due to storm related conditions.



9.    In the aftermath, Plaintiff relied on Scottsdale to help begin the rebuilding process. By and through her commercial policy, Plaintiff was objectively insured for the subject losses in this matter.

10.    Pursuant to her obligation as a policyholder, Plaintiff made complete payment of all commercial insurance premiums in a timely fashion. Moreover, her commercial policy covered Plaintiff during the time period in question.

11.    Despite Plaintiff's efforts, Scottsdale continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.    Moreover, Scottsdale has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.    In the months following, Plaintiff provided information to Scottsdale, as well as provided opportunities for Scottsdale to inspect the Property. However, Scottsdale failed to conduct a fair investigation into the damage to the Property. Moreover, Scottsdale failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.    Despite Scottsdale's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Scottsdale. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, Scottsdale failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this



PLAINTIFF GINIA LONG'S ORIGINAL PETITION
Page 3

date, Plaintiff has not received proper payment for her claim, even though notification was provided.

15.     Scottsdale has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. Scottsdale has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Scottsdale did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.     Scottsdale has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Scottsdale in a timely manner.

17.     Scottsdale has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Scottsdale that failed to conduct a reasonable investigation.  Ultimately, Scottsdale performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.     Scottsdale has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.     As a result of the above issues, Plaintiff did not receive the coverage for which she had originally contracted with Scottsdale. Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.    In addition, Scottsdale has failed to place adequate and proper coverage for Plaintiff

causing Plaintiff to suffer further damages.   As indicated below, Plaintiff seeks relief under the

common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance

Code.

**CONDITIONS PRECEDENT**

21.    All conditions precedent to recovery by Plaintiff has been met or has occurred.

**AGENCY**

22.    All acts by Scottsdale were undertaken and completed by its officers, agents,

servants, employees, and/or representatives. Such were either done with the full authorization or

ratification of Scottsdale and/or were completed in its normal and routine course and scope of

employment with Scottsdale.

**CLAIMS AGAINST DEFENDANT**

23.    Plaintiff hereby incorporates by reference all facts and circumstances set forth

under the foregoing paragraphs.

**A.**
**NEGLIGENCE**

24.    Scottsdale had and owed a legal duty to Plaintiff to properly adjust the structural

and property damage and other insurance losses associated with the Property.    Scottsdale

breached this duty in a number of ways, including but not limited to the following:

    a.    Scottsdale was to exercise due care in adjusting and paying policy
          proceeds regarding Plaintiff's Property loss;

    b.    Scottsdale had a duty to competently and completely handle and pay all
          damages associated with Plaintiff's Property; and/or

       c.     Scottsdale failed to properly complete all adjusting activities associated with Plaintiff.

25.     Scottsdale's acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## B.
## BREACH OF CONTRACT

26.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27.     According to the policy that Plaintiff purchased, Scottsdale had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

28.     As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

29.     Despite objective evidence of such damages, Scottsdale has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## C.
## VIOLATIONS OF TEXAS DECEPTIVE TRADE
## PRACTICES ACT AND TIE-IN-STATUTES

30.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31.     Scottsdale's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business

& Commerce Code.   Scottsdale collectively engaged in false, misleading, or deceptive acts or

practices that included, but were not limited to:

    a.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    b.    Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

    c.    Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

    d.    Using or employing an act or practice in violation of the Texas Insurance Code;

    e.    Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

    f.    Failure to properly investigate Plaintiff's claim; and/or

    g.    Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Scottsdale in low-balling and/or denying Plaintiff's damage claim.

    32.    As described in this Original Petition, Scottsdale represented to Plaintiff that her

insurance policy and Scottsdale's adjusting and investigative services had characteristics or

benefits that it actually did not have, which gives Plaintiff the right to recover under Section

17.46 (b)(5) of the DTPA.

    33.    As described in this Original Petition, Scottsdale represented to Plaintiff that its

insurance policy and Scottsdale's adjusting and investigative services were of a particular

standard, quality, or grade when they were of another, which stands in violation of Section

(b)(7) of the DTPA.

34.     By representing that Scottsdale would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Scottsdale has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.     Scottsdale has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies.   This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.     Scottsdale's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Scottsdale's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

37.     Scottsdale's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.     Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Scottsdale to her detriment.  As a direct and proximate result of Scottsdale's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Scottsdale are a producing cause of Plaintiff's damages that are described in this Original Petition.

39.     Because Scottsdale's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed thr[...]

such actual damages, for Scottsdale having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Scottsdale having intentionally committed such conduct.

40.    As a result of Scottsdale's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf.  Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show herself to be justly entitled at law and in equity.

**D.**
**VIOLATIONS OF TEXAS INSURANCE CODE**

41.    Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42.    Scottsdale's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).  Specifically, Scottsdale engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

    a.    Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

    b.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law,

insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c.  Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.  Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

e.  Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

f.  Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.  Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Scottsdale, and Plaintiff relied upon these unfair or deceptive acts or practices by Scottsdale to her detriment. Accordingly, Scottsdale became the insurer of Plaintiff.

44.  As a direct and proximate result of Scottsdale's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which she now sues.

45.  Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Scottsdale's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Scottsdale having knowingly committed such conduct. Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Scottsdale having intentionally committed such conduct.

46.    As a result of Scottsdale's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf.  Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show herself justly entitled by law and in equity.

### E.
### BREACH OF THE COMMON-LAW DUTY
### OF GOOD FAITH AND FAIR DEALING

47.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48.    By its acts, omissions, failures and conduct, Scottsdale has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.    Scottsdale has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Scottsdale knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by Scottsdale is a proximate cause of Plaintiff's damages.



### F.
### BREACH OF FIDUCIARY DUTY

50.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51.    Scottsdale had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff. As a result, Scottsdale owed a duty of good faith and fair dealing to Plaintiff. Scottsdale breached that fiduciary in that:

    a.    The transaction was not fair and equitable to Plaintiff;

    b.    Scottsdale did not make reasonable use of the confidence that Plaintiff placed upon it;

    c.    Scottsdale did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

    d.    Scottsdale did not place the interests of Plaintiff before its own, and Scottsdale used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

    e.    Scottsdale placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

    f.    Scottsdale did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

52.    Scottsdale is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Scottsdale's conduct.

### G.
### UNFAIR INSURANCE PRACTICES

53.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.



54.     Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Scottsdale has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.     Such violations include, without limitation, all the conduct described in this Original Petition, plus Scottsdale's failure to properly investigate Plaintiff's claim.  Plaintiff also includes Scottsdale's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and Scottsdale's failure to pay for the proper repair of Plaintiff's Property, as to which Scottsdale's liability had become reasonably clear.

56.     Additional violations include Scottsdale's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims.   Plaintiff further includes Scottsdale's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Scottsdale's misrepresentations of coverage under the subject insurance policy. Specifically, Scottsdale is also guilty of the following unfair insurance practices:

    a.     Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    b.     Engaging in unfair claims settlement practices;

    c.     Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    d.     Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which Scottsdale's liability had become reasonably clear;

    e.     Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

f.    Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

g.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57.    Scottsdale has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Scottsdale's conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

## H.
## MISREPRESENTATION

58.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

59.    Scottsdale is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Scottsdale did not inform Plaintiff of certain exclusions in the policy.  Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to her detriment.  As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees.  Scottsdale is liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

60.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

61.    Plaintiff would show that Scottsdale perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who

relied upon such representations that ultimately resulted in her injuries and damages. Alternatively, Scottsdale fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

62.    Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff, Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

63.    By reason of Plaintiff's reliance on Scottsdale fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which he now sues.

64.    Plaintiff further alleges that because Scottsdale knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Scottsdale, and constitute conduct for which the law allows the imposition of exemplary damages.

65.    In this regard, Plaintiff will show that she has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66.    Accordingly, Plaintiff requests that penalty damages be awarded against Scottsdale in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

67.    Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.



68.     Scottsdale has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

69.     Scottsdale's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

70.     More specifically, Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.

## ADDITIONAL DAMAGES & PENALTIES

71.     Scottsdale's conduct was committed knowingly and intentionally.  Accordingly, Scottsdale is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code.  Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

72.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

73.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.



## REQUEST FOR DISCLOSURE

74.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Scottsdale

disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l),

and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Requests for Production.

      a.     Please produce Scottsdale complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

      b.     Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

      c.     Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

      d.     Please produce the electronic diary, including the electronic and paper notes made by Scottsdale claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

      e.     Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

      f.     Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

      g.     Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

      h.     Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

i.    Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Scottsdale intends to offer these items into evidence at trial.

## INTERROGATORIES

76.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Interrogatories.

a.    Please identify any person Scottsdale expects to call to testify at the time of trial.

b.    Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

c.    If Scottsdale or Scottsdale's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Scottsdale or any of Scottsdale's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

d.    Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Scottsdale's investigation.

e.    Please state the following concerning notice of claims and timing of payment:

i.      The date and manner in which Scottsdale received notice of the claim;

ii.     The date and manner in which Scottsdale acknowledged receipt of the claim;

iii.    The date and manner in which Scottsdale commenced investigation of the claim;

iv.     The date and manner in which Scottsdale requested from the claimant all items, statements, and forms that Scottsdale reasonably believed, at the time, would be required from the claimant; and

v.      The date and manner in which Scottsdale notified the claimant in writing of the acceptance or rejection of the claim.

f.    Please identify by date, amount and reason, the insurance proceed payments made by Scottsdale, or on Scottsdale's behalf, to the Plaintiff.

g.    Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

h.    When was the date Scottsdale anticipated litigation?

i.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Scottsdale's document retention policy.

j.    Does Scottsdale contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

k.    Does Scottsdale contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

l.    Does Scottsdale contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

m.    How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated? State the following:

    i.    what performance measures are used; and
    ii.    describe Scottsdale's bonus or incentive plan for adjusters.

## CONCLUSION

77.    Plaintiff prays that judgment be entered against Scottsdale Insurance Company, and that Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's

fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such relief to which she is due as a result of the acts of Scottsdale Insurance Company, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

/s/ C. Bryan Beverly
Scott G. Hunziker
Texas Bar No. 24032446
C. Bryan Beverly
Texas Bar No. 24082688
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
scott@vosslawfirm.com
bryan@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFIED COPY CERTIFICATE**
**STATE OF TEXAS - COUNTY OF JOHNSON**
I HEREBY CERTIFY THAT
THE ABOVE IS A TRUE AND CORRECT COPY OF
THE ORIGINAL RECORD ON FILE IN MY OFFICE
**DAVID R. LLOYD**
DISTRICT CLERK - JOHNSON COUNTY, TEXAS
DATE  7-24-2016
BY  RENEE ALEXANDER  DEPUTY



**CERTIFIED MAIL**

DVA Consultin
294 Misty Daw
The Woodlands, TX 77385

7015 3430 0000 2206 7622



Scottsdale Insurance Company
c/o Corporation Service Company
211 East 7th Street, Ste. 620
Austin, TX  78701

EXHIBIT C

Filed 3/14/2016 11:35:36 AM
David R. Lloyd, District Clerk
Johnson County, Texas
By: Renee Alexander, Deputy

CAUSE NO. DC-C201600080

| | | |
|---|---|---|
| GINIA LONG | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | JOHNSON COUNTY, TEXAS |
| | § | |
| SCOTTSDALE INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendant. | § | 249TH JUDICIAL DISTRICT |

## DEFENDANT SCOTTSDALE INSURANCE COMPANY'S
## ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SCOTTSDALE INSURANCE COMPANY, Defendant in the above styled and numbered cause, and file this, its Original Answer to the Plaintiff's Original Petition and in support thereof, would respectfully represent and show unto the Court the following:

### I.
### GENERAL DENIAL

1.      Subject to and expressly without waiving any conditions, terms, or policy defenses, Defendant asserts a general denial to the material allegations contained in Plaintiff's Original Petition or latest amended Petition as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and demands Plaintiff be required to prove Plaintiff's charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas, as well as substantive and procedural laws of the United States, or otherwise, as may be appropriate.

## II.
### SPECIFIC DENIALS

2.      Defendant specifically denies that it engaged in violations of the Texas Insurance Code or the Texas Deceptive Trade Practices Act, and further denies that it is liable for damages under those statutes or that it is liable for exemplary damages.

## III.
### AFFIRMATIVE DEFENSES

3.      Further answering, Defendant asserts with respect to Plaintiff's claim or any potential claim for punitive damages, any award of punitive damages must be limited to the greater of:  (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §41.002-41.009, including the increased burden of proof.

4.      Further answering, under Texas law an insured has a duty to read an insurance policy and is charged with knowledge of its contents.  Defendant asserts that any claim which is based upon a misrepresentation, inducement, or reliance on a representation fails as a matter of law, since Plaintiffs are charged with knowledge of the contents of all relevant policies at issue.

5.      Further answering, Defendant asserts there is no ambiguity in the contract as there is only one reasonable interpretation.  *Am. Mfrs. Mut. Ins. Co. v. Schaefer,* 124 S.W.3d 154, 157 (Tex. 2003).

6.     Further answering, Defendant asserts Plaintiff's damages, if any, are limited by the amount set forth in the Policy limitations provisions of the applicable Policy.

7.     Defendant would further plead there is no coverage under the policy to the extent that any material misrepresentation or omission was made by an insured in obtaining such policy.

8.     Defendant asserts all terms, conditions, provisions, limitations, requirements, and exclusions of the policy. No reference to specific terms, conditions, provisions, limitations, requirements, and exclusions of the policy in this pleading shall be interpreted to limit the generality of the foregoing or of the general provisions referenced in subsequent paragraphs. To the extent the policy provides additional rights, remedies, or options available to Defendant that are not pleaded in this answer, Defendant does not waive its right to invoke such provisions either contractually or by further pleading.

9.     Defendant further alleges Plaintiff's claim for pre-judgment interest is limited by the dates and amounts set forth in the following:

- Art. 5069-1.05 § 6, Tex. R. Civ. Stat;

- Chapter 304, Tex. Fin. Code; and

- Chapter 41, Tex. Civ. Prac. & Rem. Code

10.     By way of further answer, Defendant made no material misrepresentation to Plaintiff and no false representation to Plaintiff. Accordingly, Plaintiff's cause of action for misrepresentation must necessarily fail. Further answering, Defendant is not liable in whole or in part to Plaintiff for any damages Plaintiff may have suffered, which Defendant denies, because Defendant's actions or inactions were not a producing or proximate cause of damages, injury or loss suffered by Plaintiff.

11.     Defendant would assert that the Court should instruct the jury as to whether any recovery sought by the Plaintiff is subject to federal or state income taxes.

12.     Further answering, Defendant denies Plaintiff's claim alleging bad faith against Defendant, as a *bona fide* controversy existed and continues to exist concerning the allegedly covered loss and Plaintiffs' entitlement to insurance benefits under the Policy. The duty of good faith and fair dealing is not breached by the existence of a *bona fide* controversy.

13.     Defendant would further show the underlying claims are not covered under the policy to the extent such claims do not seek damages within the meaning of such policy.

14.     Any coverage for the underlying claims to which Plaintiff's current Petition refers may be barred, in whole or in part, by the provisions, terms, exclusions, conditions and limitations applicable to the alleged policy.

15.     Further answering, Defendant asserts Texas does not recognize a cause of action against an insurer or for common law negligence, common law fraud, misrepresentation or nondisclosure as breach of the duty of good faith and fair dealing is the only common law cause of action against an insurer. *Universe Life Ins. Co. v. Giles,* 881 S.W.2d 44, 53 n. 6 (Tex.App.-Texarkana 1994), aff'd in part, rev'd in part, 950 S.W.2d 48 (Tex.1997).

16.     Defendant *reserves* the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding Plaintiff's claims and upon further investigation as to the provisions, terms and conditions of the policy.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof, that no recovery be had from Defendants, but that Defendant goes hence without day and recover their costs, and for such other and further relief to which Defendant may be justly

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY: */s/Randall G. Walters*
RANDALL G. WALTERS – 20819480
randy.walters@wbclawfirm.com
Service of Documents:
WaltersEDocsNotifications@wbclawfirm.com
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, Texas 75231
214/347-8381 – FAX
214/347-8380 – DIRECT
214/749-4805 – MAIN


## CERTIFICATE OF SERVICE

This is to certify that on this 14th day of March, 2016, a copy of the above and foregoing was served on all counsel of record in accordance with the Texas Rules of Civil Procedure.

*/s/Randall G. Walters*
RANDALL G. WALTERS