IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GINIA LONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-816-L** |
| | § | |
| SCOTTSDALE INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pursuant to the court's Scheduling Order, filed May 17, 2016, the deadline for filing pretrial materials in this case was May 8, 2017. *Id.* ¶¶ 7, 8, and 11.  Neither Plaintiff nor Defendant filed pretrial materials; which include the pretrial order, witness lists, exhibit lists, jury instructions, voir dire questions, or any other pretrial material that the court's order may have required the parties to file. The parties have neither moved to extend the deadline to file pretrial materials nor communicated with the court regarding this matter. Since no pretrial material has been filed, and there are no outstanding motions, the court assumes that the parties have either settled their disputes concerning this case, or they no longer wish to prosecute or defend the action.

The court believes that dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is appropriate because the parties in this action have not prosecuted, defended, or complied with, the court's scheduling order.  Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or failure to follow orders of the court.  This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *See Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. CO.*, 370 U.S. 626 (1962)).  The court's decision to dismiss an action, however, is

materially affected by whether the dismissal is to be with or without prejudice. "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (citation in footnote omitted).

The Fifth Circuit has set forth a number of lesser sanctions that a court is to consider before it dismisses with prejudice: "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Boudwin*, 756 F.2d at 401 (quoting *Rogers v. Kroger*, 669 F.2d 317, 321-22 (5th Cir. 1982)). The parties were specifically warned in the Scheduling Order that sanctions could be imposed for failure to comply with a court order. *See* Court's Scheduling Order ¶ 14. The court does not know the bases for the parties' failure to prosecute and defend this action or submit the required pretrial material. In any event, finding no record of purposeful delay or contumacious conduct, the court determines that dismissal without prejudice of all claims and defenses in this action is the appropriate sanction for the parties' failure to comply with the court's scheduling order of May 17, 2016.

For the reasons stated herein, this action is hereby **dismissed without prejudice**. All allowable and reasonable costs are taxed against the party incurring them. As this action is dismissed without prejudice, there is no need for the pretrial conference which is scheduled for June 2, 2017, at 11:00 a.m. Accordingly, the court **vacates** the pretrial conference setting.

**It is so ordered** this 10th day of May, 2017.

_____
Sam A. Lindsay
United States District Judge

**Order – Page 3**